# Rohrheimer *versus* Hofman.

1. A verbal agreement by the lessor with the lessee, to reduce the rent stipulated for in the written lease, temporarily, without any time being agreed upon for the continuance of such reduction, may be revoked, at any time by the lessor.

2. Where a cause is tried by agreement before the court without a jury, in pursuance of the Act of Assembly in such case provided, the finding of facts by the court is entitled to as much weight as the verdict of a jury.

April 20th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county:* Of January Term 1883, No. 273.

Debt, by John P. Hofman against Morris Rohrheimer, to recover a balance of rent alleged to be due under a certain lease.

Trial by jury was waived, and the case was tried before PERSHING, P. J., and BECHTEL and GREEN, JJ., by whom the material facts were found to be as follows :—

[Rohrheimer *v.* Hofman.]

On January 27th 1869, Galland & Co., rented from the plaintiff, Hofman, for the term of five years, a store, at $775 per annum, with the privilege on the part of the lessee of holding for another term of ten years. The lessee assigned the lease in January, 1864, to the defendant, Rohrheimer, who was accepted as tenant by Hofman. Rohrheimer notified Hofman that he elected to hold the premises for the further term of ten years, and he held over and paid the rent from 1874 to 1878, at the rate specified in the lease, viz: $64.58 per month. "About April 1878, Rohrheimer requested a reduction of rent, and after some discussion between them it was reduced to $600 per annum, to be paid in monthly payments of $50 each. The rent was reduced, as plaintiff testified, on account of the dullness of the time. Receipts from Hofman to defendant were given in evidence, each for $50 in full for one month's rent, beginning with June 15th 1878, and including April 16th 1880. The rent for the month ending May 15th 1880, having been settled by a previous trial, the present suit was for the rent from May 15th 1880. The plaintiff notified the defendant on the 26th May, 1880, that from and after the 15th May 1880, he would be required to pay $64.58 rent per month, according to the terms of the written lease. The defendant refused to pay more than $50 per month, by reason of the reduction of rent made in June 1878.

"The plaintiff and the defendant were the only witnesses examined before the court. They agreed that the rent was reduced to $600 per annum, but disagreed as to the length of time this reduction was to continue. Rohrheimer testified that nothing was said on this subject at the time, and he understood the reduction to be for the unexpired part of the term. Hofman, on the other hand, testified that he said he would reduce the rent "for the time being." The defendant having paid on account of rent at the rate of $50 a month down to and subsequent to the bringing of this suit, the present action is brought to recover the additional amount claimed by the plaintiff, to wit: $14.58 per month, for eleven months, from 15th May 1880, to 15th April 1881, $160. 38, with interest.

"*Conclusions from the Facts Found:*—No points were submitted on the trial. The plaintiff, however, contended, first, that the verbal agreement to reduce the rent was void, under the statute of frauds; and second, that it was not binding for want of consideration.

"As to the first point, we think it was entirely competent for the parties to make a change in the amount of rent to be paid, without doing any violence to the statute. The receipts in evidence and the testimony of the parties show that such verbal agreement was made.

[Rohrheimer v. Hofman.]

" Second.—[But we also think that the verbal agreement to reduce the rent was without consideration, and was, therefore, not binding upon the plaintiff. It was a nudum pactum, and therefore, the plaintiff could. demand the rent as fixed by the written lease as he saw proper. Having made the demand he is entitled to judgment for the amount of the unpaid rent with interest.] Taylor v. Winters, 6 Phila. Rep. 126 ; Wilgus v. Whitehead, 8 Norris 131.

" [As to the disputed question of fact, it is not free from difficulty; but from all the circumstances of the case, and the testimony, we concluded that the reduction of the rent was intended to be but a temporary one—not to continue to the end of the lease. This we conclude from the fact that the only motive which led to the reduction was on account of the dullness of the times, from the fact that the agreement to reduce was only verbal ; presumptively, a change in the rent to run to the end of the term would have been added to the lease, or at least put in writing ; and from the further fact that the testimony of the plaintiff on the subject is positive, and that of the defendant mainly negative in its character.]

" [From the facts found and for the reason stated, the court decides that the plaintiff is entitled to a judgment against the defendant for the sum of $160.38 with interest from November 15th 1880, when the average interest on the monthly payments would begin to run.]"

Exceptions filed by the defendant were overruled by the court, and judgment was entered for plaintiff according to the above decision, whereupon the defendant took this writ of error assigning for error the overruling of his exceptions, the portions of the above decision inclosed within brackets, and the said judgment.

George R. Kaercher, and Hughes & Farquhar, for the plaintiff in error.

James Ryon (John W. Ryon with him), for the defendant in error.

The opinion of the court was filed May 14th 1883.

Per Curiam. Trial by jury was waived, and this case submitted to the court under the Act of Assembly. Within the term of five years absolutely stipulated by the lease, the plaintiff in error, who was the assignee thereof, elected to hold the premises for the further term of ten years, as by the terms of the lease he was authorized to do. The main contention arises under the subsequent verbal agreement between the parties relating to the reduction of rent. The court found it to be without considera-

[Cooper v. Butler.]

tion, and therefore not binding on the defendant in error. It also found as a fact under conflicting evidence that the reduction in the rent was intended to be temporary, and not to continue until the end of the lease. Without deciding on the correctness of the legal conclusion that the agreement was without consideration, yet if it was understood to be temporary only, that fact sustains the judgment. The finding of fact by the court is entitled to as much weight as the verdict of a jury. If a jury had arrived at the same conclusion that the court has on the same evidence, the verdict ought not to be disturbed. This finding of fact appears to be supported by the evidence and controls the case.

Judgment affirmed.