## Com., ex rel., v. School District of Altoona, Appellant.

*School law—Act of May 18, 1911, P. L. 309—Additional manual training school—Right to attend—Student in private school—Mandamus—Findings of fact—Constitutional law.*

1. Under the School Code of May 18, 1911, P. L. 309, a student in a private school has the right to attend an additional school or department established by a board of directors in a school district, provided he has the other qualifications of a student in the public schools in the district, and mandamus will lie to enforce his right. Where such a student makes an application for admission to a manual training school, which is alleged to be maintained as

an additional school or department, within the meaning of the school code, and it is a question whether said school is maintained as an additional school or department, a finding of fact by the court below, based upon competent evidence that the school is an additional school within the meaning of the act, will not be disturbed on appeal. The fact that no separate manual training school had ever been formally established by the school board is not conclusive against the existence of such additional school.

2. Section 401 of the School Code, relating to the attendance of pupils in additional schools or departments, is constitutional; the title sufficiently expresses the subject matter, and it does not violate Article IX, Section 7, of the Constitution, or Article X, Section 2, forbidding the use of money raised for public schools, for private or sectarian schools.

*Practice—Trial by court without jury—Requests for findings.*

3. Where a court has tried a mandamus case without a jury, under the Act of April 22, 1874, P. L. 109, it should find all facts which are material to a proper determination of the issues involved, but is not obliged to specifically answer all requests for findings submitted by counsel.

Mr. Justice MESTREZAT dissents.

Argued April 21, 1913. Appeal, No. 308, Jan. T., 1912, by defendants, from order of C. P. Blair County, Oct. T., 1911, No. 148, awarding a writ of peremptory mandamus in case of Commonwealth of Pennsylvania, ex rel. Thomas Wehrle, Guardian of William Alexander, v. The School District of the City of Altoona, Michael Poet, President; W. F. Eberle, D. K. Howe, H. R. Earlenbaugh, M. H. Canan and Thomas Magee, Members of the Board of Directors of the Altoona School District. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for writ of peremptory mandamus. Before SHULL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court awarded a peremptory mandamus. Exceptions to the findings and decree were dismissed by REED, P. J., specially presiding. Defendants appealed.

*Errors assigned* were in dismissing the exceptions.

*R. W. Woods* and *J. J. Kintner*, with them *M. M. Morrow*, for appellants.

*Thomas C. Hare*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:

This proceeding was tried by a judge without a jury under the Act of April 22, 1874, P. L. 109, and resulted in the issuance of a mandamus to compel the admission of William Alexander, a boy of 13 years of age, to a certain public school in the City of Altoona; the school district has appealed.

Section 401 of the Act of May 18, 1911, P. L. 309 (School Code) provides: "That the board of directors in every school district......shall establish......a sufficient number of elementary public schools......; and may establish......and maintain the following additional schools or departments for the education and recreation of persons residing in said districts, which said additional schools or departments, when established, shall be an integral part of the public school system in such school district, and shall be administered, namely:.......manual training schools......together with such other schools or additional departments as they, in their wisdom, may see proper to establish: Provided, That no pupil shall be refused admission to the courses in these additional schools or departments, by reason of the fact that his elementary or academic education is being or has been received in a school other than a public school."

It appears that William Alexander is a pupil in a private school; so the principal question involved in this appeal is, did the court below commit error in finding as a fact that "the said school district has established and maintains an additional school or department known as the manual training school......under the

immediate direction and control of teachers and instructors employed to teach manual training exclusively"; for this is the school or department to which admission was sought. If there was any evidence to sustain the finding in question we must treat it as though the facts therein contained had been fixed by the verdict of a jury (Brown v. Boom Co., 109 Pa. 57, 70; Roherheimer v. Hoffman, 103 Pa. 409; Com. v. Railway Co., 188 Pa. 205, 210; First National Bank v. Slate Co., 229 Pa. 27, 31); and after reading all the testimony we cannot say that there was no evidence sufficient to that end. In this connection we cannot do better than quote from the opinion of Judge REED in the court below: "The trial judge has found as a fact that the manual training school to which admission is sought is established and maintained as an additional school or department for manual training under Section 401, and since the evidence warrants this finding it must be treated as conclusive on this question. If it be conceded, however, that the school board never formally established a separate and independent manual training school under Section 401, it cannot be contended, under the evidence, that it has not been maintaining and conducting such a school...... This manual training school is maintained and conducted independent of and wholly apart from the elementary public school. It is exclusively under the management and instruction of persons not qualified to teach in the elementary public school, and the instruction given in it is not in vital touch with the course of study prescribed for such school. It does not constitute any part of the curriculum of the elementary school, and while it is conducted in a room in the same building where the elementary schools established under Section 1607 are conducted, it is as separate and distinct from those schools as if it were conducted in a building in some other part of the city. In brief, this manual training school has all the ear-marks of one established and maintained under Sec-

tion 401, and absolutely none of the elementary schools established under Section 1607. If it be admitted that it is the climax of the manual training received in the elementary public school, there is no more reason for excluding this applicant from its benefits because he is not matriculated in such elementary school than there would be for excluding him from the public high school because he had not qualified for admission to it in the elementary public schools."

But the appellant contends, that even though the school in question be considered "an additional school or department" within the meaning of Section 401, this part of the code is unconstitutional for two reasons, first, the title to the act fails to give proper notice of the requirements of the section; second, under the terms of Section 401 the act would practically give to private and sectarian schools the use of moneys raised for the public schools, contrary to Article IX, Section 7, and Article X, Section 2, of the Constitution. There is no merit whatever in the first of these points, and it was not strongly urged; as to the second, the parts of the Constitution relied on have been before this court on several occasions and our uniform interpretation of their meaning excludes any such construction or application as that contended for by the appellant: See Wheeler v. Philadelphia, 77 Pa. 338, 355; Wilkes-Barre City Hospital v. Luzerne County, 84 Pa. 55; Com. v. Pittsburgh, 183 Pa. 202; Bode v. Philadelphia, 230 Pa. 434, 449.

We feel that Section 401 is constitutional and we agree with the court below that it was "the manifest purpose of the legislature" thereby "to authorize the board of school directors in every school district in this Commonwealth to establish and maintain, as integral parts of the public school system in such school district, not as an inseparable part of the prescribed elementary course of education, but as additional departments of the public schools, a number of schools, educational features and places for the improvement,......

'of persons residing in such district,' in the list of which is included manual training schools. The benefits and advantages of these additional schools and means of education and improvement are not restricted to the pupils in regular attendance at the elementary public schools and pursuing the entire prescribed elementary courses, but are intended to be free to all 'persons residing in such district,' subject, of course, to reasonable rules and regulations consistent with the spirit of the school laws and the necessity for their effective and orderly administration. This is indicated not only by the language quoted but by the proviso contained in the section 'that no pupil shall be refused admission to the courses in these additional schools or departments by reason of the fact that his elementary or academic education has been or is being received in a school other than a public school.' " The decision of the court below is in nowise an attempt to control the exercise of the discretion vested by law in the board of school directors of the district; it is merely a judicial determination that they have in fact established what under the law is "an additional school or department," and a ruling that they cannot refuse William Alexander admission thereto.

The appellant complains that the court below did not answer specifically his requests for findings. There is no requirement in the Act of 1874 "that the court shall specficially answer upon the record all the requests for findings of fact submitted by counsel......" (Com. v. Monongahela Bridge Co., 216 Pa. 108) ; but, of course, the court's findings must cover all facts stated in the requests which are material to a proper determination of the issues involved; and the findings in the present case meet this requirement.

The assignments of error are all overruled and the judgment is affirmed.

Mr. Justice Mestrezat dissents.