## Incorporation of the Borough of Wayne.    Appeal of Frank Weckerly et al.

*Borough incorporation proceedings—Appointment of master invalid— No taxable costs.*

Proceedings for borough incorporation have nothing in common with private litigation, the interests of the public are involved and parties have a right to be heard and to produce evidence as to the effect of the proposed incorporation upon those interests.    The law does not provide that the active parties in the litigation may recover costs, one from the other, or either from the borough.    Each side must bear its own costs ; they may not be taxed.    The court has no authority to appoint a master, and hence it follows that no master's fee can be taxed as costs, and with the master must go the fee of his assistant, the stenographer.

Argued Nov. 22, 1899.    Appeal, No. 150, Oct. T., 1899, by Frank Weckerly et al., for themselves and on behalf of their copetitioners, from decree of Q. S. Delaware Co., taxing costs, in the proceedings for the incorporation of the borough of Wayne, and directing same to be paid by petitioners.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Reversed.    Opinion by W. D. PORTER, J.

Appeal from the taxation of costs in the matter of borough incorporation.    Before CLAYTON, P. J.

It appears from the record that the court entered a decree incorporating the borough of Wayne, and that pending appeal the record not having been removed, the court duly modified its decree so far as it related to costs, so as to read as follows : " Costs to be paid by the borough, including all costs for which the petitioners may be liable or which may be paid by them, including stenographer's and master's fees, which are

now taxed as follows: Master's fees and expenses, $750; stenographer's fees and expenses, $388; total, $1138, which are now ordered to be paid by the petitioners to be refunded to them by the borough when finally incorporated. . . . Upon serving the counsel for petitioners with a copy of this order and on further refusal to pay said costs and fees, let a rule be granted to show cause why an attachment shall not issue for the enforcement of said order." Frank Weckerly et al., appealed.

*Errors assigned* among others were (2) in appointing a master to take testimony in the proceeding without any warrant of law authorizing such an appointment. (4) In taxing as costs the master's and stenographer's fees and charges, without any statutory or legal authority authorizing said items to be taxed as costs in a proceeding of this kind. (7) In arbitrarily ordering the costs in this proceeding to be paid by the petitioners, and in directing an attachment to issue in the event of the petitioners refusing to pay the same.

*J. S. Freemann*, for appellants.—The court has in several cases considered the force and effect of the act of June 26, 1895. See Emsworth Borough, 5 Pa. Superior Ct. 29.

A somewhat similar question was raised in the case of Linton Borough, 5 Pa. Superior Ct. 36; also in Winton's Appeal, 87 Pa. 85.

The stenographer is never entitled to have the amount for his services taxed as costs in a case unless he affirmatively shows that his employment was agreed to by the parties, as provided in the act of assembly. These appellants also feel justly aggrieved at the summary manner in which the court has endeavored to enforce the collection of these alleged costs.

If there are no such statutory provisions, these appellants are only liable by virtue of a contract, either express or implied. The remedy for the enforcement of such a contract is certainly not by attachment. These appellants have the right—the inalienable right—to have their liability determined in the usual and ordinary manner in which all contractual rights between parties are determined, and it seems to be a travesty upon justice and judicial proceedings, as we recognize them in our day, for any court to threaten attachment proceedings, as was done in this case.

*O. B. Dickinson*, with him *John E. McDonough*, for appellee. —It is submitted that the statement of facts establishes an agreement for the reference to the master and that the conduct of the parties is and has been such as to estop them from objecting to the same at this late day.

Are the fees charged exorbitant?

It is submitted that so far as the master's fee is concerned, this matter was in the discretion of the court and is only required to be reasonable.

All that has been said regarding the conduct of the parties in ratification and acceptance of the agreement and appointment of Mr. Harvey as master, applies to John E. McDonough, as stenographer, and in addition to that at the first meeting at which testimony was taken there was an express agreement among the attorneys to employ the stenographer. Unfortunately this agreement is not of record, because of the confidence the respective parties had in the counsel in the case, no one of whom has ever given countenance to the denial of this agreement.

Parties are estopped to object to the fees. Evidence taken before a master in divorce appointed without authority of law may be considered by the court if the parties have proceeded without objecting to it, and the master's and stenographer's fees may be taxed as part of the costs: Bloom v. Bloom, 8 Pa. Dist. Rep. 563.

As before alluded to the whole proceeding was entered upon and executed by the officers of the court and the parties in good faith, in precisely the same manner in which every one of the many boroughs organized, in Delaware county under the general borough law, were constituted: Prospect Park Borough, 166 Pa. 502.

The attention of the court is respectfully directed to the case of Prospect Park Borough, 166 Pa. 502, wherein the facts of the case and the procedure were the same as this case, and before Mr. Harvey, master. In that case the Supreme Court after adverting to the appointment of Mr. Harvey and quoting his report at large, affirmed the decree of the lower court made thereon, and said: "Neither of the specifications of error involves any jurisdictional or other strictly legal question, nor does the record disclose any error or irregularity in the proceeding that would justify a reversal of the decree."

The court can compel compensation to an artist by making an order on the parties when both apply as being their office pro hac vice: Caldwell v. Miller, 46 Pa. 233.

OPINION BY W. D. PORTER, J., January 17, 1900:

In a proceeding to incorporate the borough of Wayne, the court, of its own motion, referred the whole case to a master, and subsequently entered a decree of incorporation based upon the master's report. Upon an appeal from said decree, by Hildebrand and others, we have, this day, entered a judgment of reversal; for the reason that, in a proceeding to incorporate a borough, the court of quarter sessions is without authority to appoint a master. In the original decree, the court ordered the costs to be paid by the borough. On July 10, 1899, after an appeal had been taken to this court, the learned court below modified as much of the former decree as relates to costs, so as to read as follows: "Costs to be paid by the borough, including all costs for which the petitioners may be liable, or which may be paid by them, including stenographer's and master's fees, which are now taxed as follows: Orlando Harvey, Esq., master's fee and expenses, $750, John E. McDonough, Esq., stenographer's fees and expenses, $388, total $1,138, which are now ordered to be paid by the petitioners, to be refunded to them by the borough when finally incorporated."

The petitioners did not pay promptly, and the court granted a rule upon them to show cause why an attachment should not issue. It was pay or go to jail. To escape the dilemma, the petitioners appealed, and now assign for error the making of the above order. The costs taxed consist only of the fees and expenses of the master and the stenographer who assisted the master in the discharge of his supposed duties. Were these items properly taxable as costs in this proceeding? "Our fee bills were passed to cut up by the roots the power which had been exercised by the courts, of allowing fees, called compensatory, for services not specified in them:" Kline v. Shannon, 7 S. & R. 377. The right to receive and the liability to pay costs depends entirely upon statute. The fact that compensation for certain services is, by statute, made taxable as costs in one proceeding or one jurisdiction, does not render such compensation taxable in other proceedings and other tribunals, to which the

statute does not apply: Allegheny County v. Watt, 3 Pa. 462; Steele v. Lineberger, 72 Pa. 239. It has been held that the bill of a surveyor appointed by the court, under a rule authorizing such appointment in ejectment cases, is not taxable against the losing party as part of the costs of the case: Caldwell v. Miller, 46 Pa. 233.

The court has no jurisdiction to appoint a master in a proceeding to incorporate a borough, and as a consequence it follows that no master's fee can be taxed as costs, and with the fee of the master must go the fee of his assistant, the stenographer. The record shows that the court, of its own motion, appointed the master, and there is nothing upon the record to indicate that the appellants agreed to the appointment of the stenographer. There is nothing in the legislation regulating the incorporation of boroughs which authorizes the court to impose costs upon the borough, or the petitioners, or remonstrants. The only costs provided for in the statutes is that "said application and decree shall be recorded in the recorder's office of the proper county at the expense of the applicants." The inquiry has nothing in common with private litigation, the interests of the public are involved, and parties have a right to be heard and to produce evidence as to the effect of the proposed incorporation upon those interests. The law does not provide that the active parties in the litigation may recover costs, one from the other, or either from the borough. They must each pay the witnesses, whom they subpœna or cause to be subpœnaed, and the clerk of courts his legal fees for filing petitions and like services rendered for them respectively, but they must consider the money as expended for the public good; they cannot get it back. The borough when incorporated cannot lawfully be required to pay any part of the costs, not even the expense of recording, in the recorder's office, the petition and decree. There being no law authorizing the imposition of costs upon either the successful or unsuccessful parties to the litigation, each side knows at every stage of the proceedings how much money they have expended and what services they have voluntarily become liable to pay for. Had the court, in the present case, upon the application of all the parties, appointed an examiner, instead of a master, each party would have been liable to the examiner for the taking of such testi-

mony as they, respectively, produced, but no part of the examiner's fee could have been taxed as costs, and, as costs, recovered.

All the assignments of error are sustained.

Decree reversed.