## Webster v. Hopewell Borough, Appellant.

*Boroughs—Costs—Annulment of charter.*

The legislation regulating the incorporation of boroughs, and the annulment of the charters thereof, does not authorize the taxation of any costs in such proceedings. The active participants in such controversies with regard to the form of local government which the citizens prefer are, under the law as it now stands, presumed to be either acting for their own personal interest, or, if actuated by public spirit, to understand that the service which they are rendering the public will only be compensated by the consciousness that they have come up to their own standard of the obligations of the citizen. Those who have subpœnaed witnesses must pay them, and those who have required the clerk of courts to perform services must pay his legal fees, but they must consider such expenditures as voluntarily made for the public good.

A motion by a borough council to pay " all legal costs accruing in the lawsuit in defending the borough charter in the courts," is ineffectual because (1) there are no " legal costs " which the borough can pay; (2) even if the borough has authority to appropriate the public money to pay private individuals for moneys which they had expended in such a proceeding, the resolution is invalid inasmuch as the amount of the appropriation is not fixed; (3) as the legislature had imposed no duty upon the municipality or any officer thereof, with regard to such a proceeding, the borough could not be a party to the proceeding, and could not appropriate money for such a proceeding either in the first instance, or subsequently to reimburse private individuals who had made the expenditure; (4) there was no moral obligation to reimburse individuals inasmuch as the moral obligation which is sufficient to sustain an assumption of the debt by a municipality must grow out of a matter with regard to which the municipality is charged with some duty.

While a borough has a standing to raise any question as to the regularity of a proceeding to annul its charter, or the jurisdiction of the court in such a proceeding, it is without authority to spend public money in an endeavor to show that the change in the form of government is not expedient, so long as the proceedings are conducted as required by the statute.

Argued Nov. 22, 1901.   Appeal, No. 245, Oct T., 1901, by

defendants, from decree of C. P. Chester Co., Equity Docket No. 374, on bill in equity in case of Elwood Webster v. Hopewell Borough, James Redmond, Watson Lawyer, Thompson Hudson, Harvey Groff and William W. Salmon, Council of said Borough, and Edward Philips, Treasurer of said Borough. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

The court entered the following decree:

That the borough of Hopewell, James Redmond, Watson Lawyer, Thompson Hudson, Harvey Groff and William W. Salmon, members of the town council of the borough of Hopewell, and Edward Philips, treasurer of said borough, be perpetually restrained from issuing any order or creating any obligation binding the said borough of Hopewell, or appropriating any money thereof, for the payment of any costs incurred in the proceedings in the court of quarter sessions of Chester county relative to the application to annul the charter of said borough.

*Error assigned* was the decree of the court, quoting it.

*A. M. Holding*, for appellant.—When the proceedings to annul its charter were begun, this borough had the right and the power to exist perpetually in the enjoyment of its franchises, and, by necessary implication, it further had whatever rights and powers were necessary to conserve and carry out those expressly given as aforesaid: Cullen v. Town of Carthage, 103 Indiana, 196; Act of April 3, 1851, P. L. 320; Halstead v. N. Y., 5 Barbour, 218; Williamsport v. Com., 84 Pa. 487.

The power of a municipal corporation to pay or assume the payment of the costs of litigation is not confined to litigation to which it is a party. That is not at all the test. A municipal corporation, though not a party to the litigation, may assume and pay the costs thereof whenever it has "an interest in the event of the suit, or in the question involved therein, and the judgment therein can in any way affect its corporate

rights and property : 1 Dillon on Municipal Corporations (4th ed.), sec. 147, et seq. ; Halstead v. New York, 5 Barbour, 218, affirmed in 3 Comstock, 430 ; Fuller v. Groton, 11 Gray, 340 ; Babbitt v. Savoy, 3 Cushing, 530 ; Bancroft v. Lynnfield, 18 Pickering, 566 ; Cullen v. Carthage, 103 Indiana, 196 ; Hadsell v. Hancock, 3 Gray, 526 ; Bradley v. Hammonton, 9 Vroom, 430.

A municipal corporation is justified in discharging, out of the corporate funds, the expenses of opposing quo warranto informations against individual members of the corporation, if the object of such information be to impeach the title, or destroy the legal existence of the corporation as a body : Atty. Gen. v. Norwich, 2 Mylne & Craig, 407 ; Holdsworth v. Dartmouth, 11 Adolph. & Ellis, 490.

And the right and power to pay these costs is not affected by the fact that the borough did not incur the same, or authorize its officers, or any other person, to incur the same for it, or that the litigation was ended before the borough assumed payment thereof : Holdsworth v. Dartmouth, 11 Adolph. & Ellis, 460 ; Nelson v. Milford, 7 Pickering, 18 ; Fuller v. Groton, 11 Gray, 340; New Jersey v. Hudson County, 8 Vroom, 254; Silsby Mfg. Co. v. Allentown, 153 Pa. 323 ; Lycoming County v. Union County, 15 Pa. 171 ; Albany City Ins. Co. v. Whitney, 70 Pa. 252 ; Bailey v. Philadelphia, 167 Pa. 569.

*Alfred P. Reed*, with him *S .D. Ramsey* and *J. Frank E. Hause*, for appellee.—Municipal corporations are agents of the state, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed and the extent of their powers determined by the legislature, and subject to change, repeal, or total abolition at its will. They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence : Com. v. Moir, 199 Pa 534.

A borough is a mere agency of the state for governmental purposes, and it has no vested right to its powers and franchises, and the legislature can take away, at its pleasure, any of them : Gas and Water Company of Downingtown v. Borough of Downingtown, 175 Pa. 341; Philadelphia v. Fox, 64 Pa. 180 ;

Darby v. Sharon Hill, 112 Pa. 66; Franklin's Estate, 150 Pa. 437; Borough of Dunmore's Appeal, 52 Pa. 374.

The powers of the borough authorities are limited by the acts of assembly relating to boroughs, and are confined to the particular subjects referred to therein: Boro. of Millerstown v. Bell, 123 Pa. 151.

OPINION BY W. D. PORTER, J., March 14, 1902:

Proceedings having been instituted in the court of quarter sessions for the annulment of the charter of the borough of Hopewell, under the provisions of the Act of April 1, 1834, sec. 4, P. L. 164, remonstrances were filed by a number of citizens, and after hearing it was determined that it was not expedient to grant the prayer of the petitioners. Those who were opposed to the annulment of the charter had expended money in resisting the application. The council of the borough passed the following resolution, viz: " A motion made and seconded that Hopewell borough pay all legal costs accruing in the lawsuit in defending the borough charter in the courts of Chester county from 1897 to 1900." The plaintiff, who was a resident and taxpayer of the borough, then filed this bill to restrain the borough authorities from paying out any moneys under this resolution. The resolution would not upon its face warrant the payment of any money from the public treasury, by it the borough only undertook to pay all legal costs, which means costs legally taxable. No fee or compensation for services can be taxed as costs in any proceeding unless such taxation is authorized by statute: Kline v. Shannon, 7 S. & R. 377; Allegheny County v. Watt, 3 Pa. 462; Steele v. Lineberger, 72 Pa. 239; Caldwell v. Miller, 46 Pa. 233. The legislation regulating the incorporation of boroughs, and the annulment of the charters thereof, does not authorize the taxation of any costs in such proceedings. The active participants in such controversies with regard to the form of local government which the citizens prefer are, under the law as it now stands, presumed to be either acting for their own personal interest, or, if actuated by public spirit, to understand that the service which they are rendering the public will only be compensated by the consciousness that they have come up to their own standard of the obligations of the citizen. Those who have subpoenaed witnesses

must pay them, and those who have required the clerk of courts to perform services must pay his legal fees, but they must consider such expenditures as voluntarily made for the public good, and like true patriots stand the loss. They cannot get it back as costs : Wayne Borough Incorporation, 12 Pa. Superior Ct. 372. There being no person who was entitled to demand costs, as such, in this proceeding, there were no " legal costs " which the borough could pay. The borough was not, and could not be, a party to the proceeding in which the expediency of a change in the form of local government was the subject of inquiry. No person authorized to represent the borough had caused any witness to be subpœnaed or any officer to render any service whatever. The borough did not, therefore, become liable for fees, as distinguished from costs, for any services rendered in the proceeding. The borough owed nothing, either as fees or costs.

It appears, from the answer, that the borough asserts the right to reimburse those citizens who successfully resisted the endeavor to change the form of local government for the expenses which they incurred in that proceeding. It is admitted that that is what the borough proposes to do under this resolution. The explicit allegation of the bill, " that the legal costs referred to in said resolution are expenses incurred by the said James Redmond, Watson Lawyer, Thompson Hudson and Harvey Groff, or some of them in connection with said litigation as individuals, and which they are personally interested in having discharged by the said borough," is not denied by the answer. It thus appears that what these borough officers propose to do under this resolution is to pay back to themselves money which they as individuals expended in the litigation in the court of quarter sessions. They assert the right to do this under the informal resolution above recited. Even if the borough council had the authority to thus appropriate the public money to private individuals, this resolution is not a valid appropriation ordinance, for the amount of the appropriation is not fixed, and the sum which these members of the borough council propose to pay themselves as individuals is left entirely to the discretion of the officers of the borough. But even if the resolution had been in proper form, the parties could not be reimbursed out of the public treasury for expenses of this character.

The sovereign power of the state has, for reasons of public policy and convenience, divided the territories of the commonwealth and created different classes of agencies for the local government of such subdivisions.  Municipal corporations are agents of the state invested with certain subordinate governmental functions, and their corporate existence, rights and powers are creatures of the legislative will.  "A borough is a mere agency of the state for governmental purposes, and it has no vested right to its power and franchises, and the legislature can take away at its pleasure any of them:" Gas & Water Company of Downingtown v. Borough of Downingtown, 175 Pa. 341; Philadelphia v. Fox, 64 Pa. 180; Darby v. Sharon Hill, 112 Pa. 66; Franklin's Estate, 150 Pa. 437; Commonwealth v. Moir, 199 Pa. 534.  A borough has the right and power to expend money in litigation necessary to the assertion or defense of any power, or the discharge of any duty, conferred or imposed upon it by statute.  The powers and rights of boroughs are regulated by the statutes under which they are created, and are confined to the particular subjects therein referred to: Millerstown v. Bell, 123 Pa. 151.  The form of local government best suited to subserve the interests of a community is not necessarily permanent, changes in local conditions may render a change in the form of government expedient.  The manner in which these changes are to be effected is a subject for legislative discretion.  It is within the power of the legislature to impose duties upon the existing municipal authorities with regard to any proposed change of the form of government, and the discharge of such duties might necessarily involve the expenditure of public money.  The legislature had imposed no duty upon this municipality, or any officer thereof, with regard to the proceeding in which these expenses were incurred.  There was written into the very law of its being the provision that the court of quarter sessions should have power, "upon the application in writing of two thirds of the taxable inhabitants of any borough now incorporated, or that may hereafter be incorporated, to annul or alter the charter of the same, and similar proceedings shall be had on such application, as in the case of incorporating a borough."  The exercise of this jurisdiction by the court of quarter sessions was in no way dependent upon the will of the municipality.  The state granted to its local

agent, the borough, no right or power and imposed upon it no duty with regard to the proceeding in which the question was whether its local governmental agency should be revoked and another form of government substituted. The power to revoke was lodged in the court of quarter sessions, but the jurisdiction could only be invoked by a petition of two thirds of the taxable inhabitants over whom the borough had held sway. The legislature went back of its local agent and lodged the power to originate this inquiry in those for whose convenience the local agency had been originated. The borough is not a party to the proceeding, and there is no legislative warrant for permitting it to become so. The state has delegated to two thirds of the taxable inhabitants of the territory the right and power to originate the inquiry; it is in a limited sense a return to primary conditions, the selection of the form of government by the governed. When the conditions prescribed by the legislation have been complied with, the only question upon which the court is required to pass is the expediency of granting the prayer of two thirds of the taxable inhabitants of the district. The legislature has authorized this change of the form of government and has designated the jurisdiction by which the power is to be exercised. It is the manner established by the supreme authority for determining whether the governmental agency of the borough shall be revoked. No power has been delegated to the municipality to resist such a change in the form of government, and no municipal duty has been imposed in connection therewith. In the absence of such a grant of power, or the imposition of such a duty, it cannot be said to be within the purpose for which the municipality was created to resist a change of the form of government in the manner provided by the supreme law of the commonwealth. We are of opinion that it was not within the power of the borough authorities to spend the public money, collected by taxation, in resisting a change of the form of local government in the manner provided by the statute. As the borough was without authority to appropriate the money for such a purpose in the first instance, it was equally without authority to subsequently reimburse private individuals who had made the expenditure.

This resolution is in violation of the 7th section of the 9th article of the Constitution of 1874. It is an appropriation of

money for a private individual, and not for a municipal purpose : Speer v. School Directors, etc., of Blairsville, 50 Pa. 150 ; Wilkes-Barre City Hospital v. County of Luzerne, 84 Pa. 55. Is has been earnestly argued upon behalf of the appellants that although the borough had not authorized the expenditure of money, and there was no legal obligation upon its part to repay the individuals who had made the expenditure, yet there was a moral obligation to reimburse such individuals because the expenditure had resulted in a public benefit; and in support of this position they cited Stebbins v. The County of Crawford, 92 Pa. 289, and Bailey v. Philadelphia, 167 Pa. 569.   This principle has no application to this case whatever, a moral obligation which is sufficient to sustain an assumption of a debt by a municipality must grow out of a matter with regard to which the municipality is charged with some duty.

The borough would have standing to raise any question as to the regularity of the proceeding or the jurisdiction of the court, but was without authority to spend public money in an endeavor to show that the change in the form of government was not expedient, so long as the proceedings were conducted as required by the statute.

The decree is affirmed and the appeal dismissed at costs of the appellants.