# Julius King Optical Company, Appellant, v. Royal Insurance Company.

*Corporations—Foreign corporations—Registration—Doing business—Act of April 22, 1874.*

A foreign corporation which owns personal property in Pennsylvania may maintain an action in the courts of Pennsylvania to recover such property, although it may not have complied with the registration act of April 22, 1874. The person retaining the property and having no contract relations with the corporation, has no standing to object that the corporation is doing business in this state without having complied with the act.

*Practice, C. P.—Money paid into court—Issue to determine ownership of fund—Feigned issue.*

On the trial of a feigned issue to determine the ownership of a fund paid

into court, it is error to permit a verdict and judgment to be entered against the defendant for a stated sum.   The verdict and judgment should be for the plaintiff generally.

*Attachment execution—Costs—Attorney's fees—Justice of the peace.*

The Acts of April 22, 1863, P. L. 527, June 11, 1885, P. L. 107, and April 29, 1891, P. L. 35, allowing costs to garnishees in attachment executions "issued out of any court of record in this state," do not apply to writs of attachment issued by justices of the peace, aldermen and magistrates.

Where a garnishee appeals from a judgment of a justice of the peace, and the court permits the garnishee to pay the fund into court less certain fees and costs taxed by the court at an amount stated, the plaintiff may after verdict and judgment in his favor object to the taxation of the costs.

Argued Nov. 19, 1903.   Appeal, No. 161, Oct. T., 1903, by plaintiff, from judgment of C. P. Delaware Co., June T., 1900, No. 270, on verdict for plaintiff on ·feigned issue in case of Julius King Optical Company v. Royal Insurance Company et al., Garnishees of E. E. Hanf, trading as the Hanf Optical Company.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed and modified.

Feigned issue to determine ownership of fund paid into court.   Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for plaintiff for $650, subject to the question of law reserved : " Whether any evidence has been submitted under which the plaintiff is entitled to recover."   The court subsequently entered judgment on the verdict.

*Errors assigned* among others were in entering judgment on the verdict, and in affirming the taxation of $80.00, the garnishee's attorney fees.

*Ward R. Bliss* and *A. B. Geary*, for appellant.—From the evidence it is clear that the property was brought into this state for the purpose of transacting business for the company, yet no certificate was obtained or displayed: Thorne v. Travellers' Ins. Co., 80 Pa. 15 ; Mut. Benefit Life Ins. Co. v. Bales, 92 Pa. 352 ; Lasher v. Stimson, 145 Pa. 30.

A foreign corporation which does not register, before entering into the contract, which it seeks to enforce, is made, has no

right of action: Delaware River Quarry & Construction Co. v. Bethlehem, etc., Passenger Railway Co., 204 Pa. 22.

Where the contract is to be performed in the state of incorporation the statute is not violated, but where the contract is to be performed in this state and the property or capital of the corporation is brought into this state the statute is violated.

A citation of all the authorities would unnecessarily burden the court. We will refer to the following: Lasher v. Stimson, 145 Pa. 30; New Jersey Steel Tube Company v. Riehl, 9 Pa. Superior Ct. 220; West Jersey Ice Manufacturing Co. v. Armour, 12 Pa. Superior Ct. 443; Phœnix Silk Manufacturing Company v. Reilley, 187 Pa. 526; Swing v. Munson, 191 Pa. 582; Delaware River Quarry & Construction Company v. Bethlehem, etc., Passenger Railway Company, 204 Pa. 22; Citizens'- Trust & Surety Co. v. McCanna & Fraser Co., 6 Pa. Dist. Rep. 25.

Garnishees in attachment executions issued by alderman or justice of the peace are not entitled to counsel fees as part of the costs: Caldwell v. Miller, 46 Pa. 233.

*E. A. Howell*, for appellee.—A foreign corporation has always possessed the right to own property in Pennsylvania, and to protect its goods in Pennsylvania courts: Thompson v. Swoope, 24 Pa. 474; Steamboat Co. v. McCutcheon, 13 Pa. 13; Grant v. Henry Clay Coal Co., 80 Pa. 208; Hovey's Est., 9 Pa. Dist. Rep. 183; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; B. L. & S. Assn. v. Berlin, 15 Pa. Superior Ct. 393.

This is not a suit to enforce an invalid contract and contractual rights are not involved: Thorne v. Travellers Ins. Co., 80 Pa. 15.

The alleged violations of the act were with other parties than the King Optical Company, and are collateral to the suit and will not be considered as affecting the relations of the parties: New Jersey Steel Tube Co. v. Riehl, 9 Pa. Superior Ct. 220.

The parties in whose favor these costs were awarded and taxed, the garnishees, are no longer parties to this suit, and were relieved from all liability by an order of the court, which

was not appealed from and to which no exception was taken. It is now too late to adjudicate the question therein. The time for the raising of the question has passed, and as far as all the parties to the case are concerned the matter is adjudicated.

OPINION BY HENDERSON, J., March 14, 1904:

The question involved in this case was one of title simply. The Hanf Optical Company being the plaintiff in the issue assumed the burden of establishing its right to the fund, and an examination of the evidence presented on the trial satisfies us that a clear title was made out. By competent evidence, which was uncontradicted, it was made to appear that the plaintiff in the issue was a corporation created under the laws of Delaware ; that it owned the property which was the subject of the insurance ; that it leased the building in which the property was situated, and that it took out the policies of insurance through which the fund in controversy arose. A part of the evidence was documentary and a part parol. Its effect was to establish a title in the plaintiff in the issue. No other person claimed the property, and the appellant failed to produce any competent evidence that the property insured belonged to Hanf. No reason appears for discrediting the evidence of the appellee, and the court was not in error in holding that the appellee had shown title to the fund. The jury would not have been at liberty " to indulge in a capricious disbelief," and to find for the appellant against the evidence. The appellant contends, however, that the appellee was not entitled to a verdict for the reason that it is a foreign corporation, and that it was doing business in this state without having complied with the provisions of the act of April 22, 1874. Without discussing the question whether the facts established by the appellant's evidence amounted to doing business in Pennsylvania within the meaning of the act, it is sufficient to say that that question is not involved in the present issue. A foreign corporation could own personal property in this state prior to the act of 1874, and there is nothing in the statute which denies to them that right. The principal objects of the statute were to bring foreign corporations within reach of legal process and to subject them to the taxing power

of the state. It was not intended to deny to them the right of ownership or to effect a forfeiture of title. Much less does it work a conversion of title to the agent of the corporation in whose possession the property may be. Even if the corporation were engaged in doing business in violation of the statute, the property of the company in possession of the agent would still belong to it, and it could maintain an action against the agent for it. " While the courts will not enforce an illegal contract yet if the servant or agent of another has in the prosecution of an illegal enterprise for his master received money or other property belonging to the master, he is bound to turn it over to him, and cannot shield himself from liability therefor upon the ground of the illegality of the original transaction : " Wood on Master and Servant, section 202; Com. v. Shober, 3 Pa. Superior Ct. 554. A creditor of the servant would have no greater right with respect to such property than to any other property of the corporation. The cases cited by the learned counsel for the appellant relate to the right of a foreign corporation not registered in Pennsylvania to enforce contracts arising from the prosecution of business in this state. None of them is authority for the proposition that such a corporation may not own personal property in this state and assert its title by judicial proceeding.

The question whether the appellee was doing business in this state in violation of the act of 1874 is one with which the appellant has nothing to do. It is not pretended that it had any business relations with the appellee in Pennsylvania, or that any contract relation ever existed between them. Business transactions which the appellee may have engaged in in this state having no connection with those out of which this case arose cannot be invoked to defeat this action : New Jersey Steel Tube Co. v. Riehl, 9 Pa. Superior Ct. 220 ; Grant v. Henry Clay Coal Co., 80 Pa. 208.

The third, fourth, fifth, ninth and tenth assignments of errors are not sustained.

Under the issue formed by the court, the question for trial was "is the Hanf Optical Co., a corporation incorporated under the laws of the state of Delaware, having its principal office in the city of Wilmington, the owner of the fund of $650 less costs paid into the court by order of the court

above cited? The Hanf Optical Co. affirms that it is the owner of said fund. The Julius King Optical Co. denies this." The question involved being one of title, the verdict should have been for the plaintiff generally, and not against the defendant for a stated sum. Whatever the amount may be, the subject of controversy is found by the verdict to be the property of the plaintiff. The verdict and judgment should therefore be amended by striking therefrom the amount, $650, stated in the verdict. It would be a matter of no consequence whether this were done were it not for the fact that the insurance companies were permitted by the court to retain $107.30 fees and costs out of the $650, which they were directed to pay into court, and the amount actually in court was that much less than $650. The verdict and judgment are therefore amended to conform to this conclusion.

This proceeding grew out of an attachment execution issued by an alderman on a judgment in favor of the appellant against E. E. Hanf. Interrogatories were filed and served on the garnishees, who filed answers. Judgment was given by the alderman against the garnishees and they appealed. After the appeal the garnishees presented a petition asking leave to pay the money due from them into court, and praying for an issue between the parties claiming the fund. On this petition the court made an order permitting the garnishees to pay into court " the sum of $650, less the fees and costs legally and properly due them, the amount of which is hereby taxed by the court at the sum of one hundred seven and 30-100 dollars," which latter amount included $80.00 of attorney fees allowed the eight garnishees. After the trial of the issue, the appellee filed a bill of costs, which included $80.00 garnishees' attorney fees. To this item of the bill among others the appellant excepted. The bill was taxed as filed, however, by the prothonotary, whereupon an appeal from the taxation of costs was taken by the appellant, one of the exceptions being the payment of the garnishees' attorney fees. This exception was dismissed by the court for the reason that the question had already been passed upon, reference evidently being had to the order of court of February 11, 1901, by which the garnishees were permitted to pay the money into court. To this action of the court the appellant excepted. This is the subject of

the eleventh and twelfth assignments of error. The costs objected to can only be sustained by virtue of an act of assembly, and our attention has not been called to any statute which authorizes costs under such circumstances. The Acts of April 22, 1863, P. L. 527 ; June 11, 1885, P. L. 107, and April 29, 1891, P. L. 35, allow costs to garnishees in attachment executions "issued out of any court of record in this state." It is not claimed that the alderman's court, out of which the writs of attachment issued, was a court of record, and, in view of the rule that statutes imposing costs are to be strictly construed, Caldwell v. Miller, 46 Pa. 233, we are not authorized to extend the operation of these statutes beyond the limits imposed by their clear language. Reasons are apparent why the legislature did not deem it wise to commit such an authority to magistrates, and we cannot do what the legislature has not authorized.

The objection of the appellee that this question has already been disposed of by the court in the order allowing the payment of the fund into court, to which no exception was taken, is not available against the appellant, whose liability for costs only became fixed after the verdict against it. The appellant was entitled to be heard on the subject of the taxation of costs, and had standing to object to any items in the bill not authorized by law. We are of the opinion that the item of $80.00 garnishees' attorney fees was improperly included in the bill of costs taxed against the appellant, and the eleventh and twelfth assignments of error are therefore sustained, and that item of the bill disallowed.

As modified in the foregoing opinion, the judgment is affirmed.