## Rohrer v. Greenawalt.

*Costs—Surveys and draft.*

A bill for cost of surveys and drafts cannot properly be taxed against a losing party as part of the costs in a suit involving a boundary-line between two tracts of land.

Appeal from taxation of costs. C. P. Lancaster Co., June T., 1923, No. 38.
*Harold G. Ripple, B. F. Davis, Jr.*, and *B. F. Davis*, for plaintiff and appeal.
*M. E. Musser*, for defendant.

LANDIS, P. J., June 23, 1923.—In this case the plaintiff filed his bill of costs and included therein an item, "Ira M. Rohrer, cost of surveys and drafts, $40.00." On April 10, 1923, a rule was taken before the prothonotary for the taxation of costs, and the prothonotary, in taxing the same, struck out this item. Thereupon the plaintiff appealed from the taxation thus made and filed exceptions to the disallowance of the same. The only question raised is, whether the plaintiff is entitled to collect from the defendant the amount paid out by him for this purpose.

This proposition is a simple one and not open to doubt. In Caldwell v. Miller, 46 Pa. 233, it was held that "a bill for the services of a surveyor appointed by the court under a rule authorizing such appointment in ejectment cases is not taxable against the losing party as a part of the costs of the case." Thompson, J., delivering the opinion of the court, said: "I have not been able to find any case in the common law courts where compensation to artists or surveyors has been allowed to be taxed. Our fee bills of 1814-1821 were passed 'to cut up by the roots the power which had been exercised by the courts of allowing fees called compensatory for services not specified in them:' 7 S. & R. 378; 1 S. & R. 506." In Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549, the court said: "No fee or compensation for services can be taxed as costs in any proceeding, unless such taxation is authorized by statute;" and in King Optical Co. v. Royal Ins. Co., 24 Pa. Superior Ct. 527, that "the costs objected to can only be sustained by virtue of an act of assembly, and our attention has not been called to any statute which authorizes costs under such circumstances."

As, therefore, we conclude that the prothonotary has correctly determined that the claim made is not allowable as costs, we overrule the exceptions and dismiss the appeal. Exceptions overruled.

From George Ross Eshleman, Lancaster, Pa.