From Otto Herbst, Erie, Pa.

## Ownership of Firearms by Foreign-Born Residents.

SHULL, Deputy Attorney General, July 13, 1931.—You ask to be advised whether the City of Pittston may recover a fine for violation of a city ordinance forbidding an unnaturalized foreign-born resident within the city to own or be in possession of a shotgun, rifle, pistol or other firearm. The ordinance to which you make reference was passed by the city council April 6, 1931. An examination of the ordinance will disclose that the four sections of which it is comprised are almost verbatim reproductions of sections 902, 903 and 904 of The Game Law of May 24, 1923, P. L. 359. The ordinance attaches precisely the same penalty as that provided by the statute.

The passage of such an ordinance would be an attempt by the city to usurp the prerogatives of the legislature in the imposition of a fine where the legislature has previously occupied the entire field upon the subject of such violation. Does a municipality have such authority? Two laws should not run concurrently when each has attached to it a penalty for a violation—that is, no one should be twice punished for the same offense. Such conditions could arise only under a dual sovereignty, as, for example, our state and federal

governments. The state is sovereign because it represents the will of the people. The federal government is sovereign because the states have yielded to it certain of their powers of sovereignty, whereby both have inherent powers and both may legislate. But in the case of a state on one hand and a city or other municipality on the other, the former is the creator and the latter is the creature. The one is necessarily dominant and the other servient. The people as a body constitute the sovereignty of a state. The municipality through its council derives its powers from the state; hence it possesses and may exercise only such powers as are vested in it by the sovereignty, the will of the people of the state.

"A municipal corporation is merely an agency instituted by the sovereign, to carry out in detail the objects of government; revocable and having no vested right to any of its powers or franchises.

"The charter of a municipal corporation is not a contract with the state and is subject to the control of the legislature . . . :" syllabus in Philadelphia v. Fox et al., 64 Pa. 169.

A stream can rise no higher than its source. The source of all city authority is in legislative enactments, and ordinances cannot supersede such enactments.

" '. . . A borough is a mere agency of the state for governmental purposes, and it has no vested right to its power and franchises, and the legislature can take away at its pleasure any of them:' " Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549, 554.

No special power has been delegated to the city by the legislature to pass the ordinance referred to or to collect a fine under the provision of the ordinance. The conclusion is incontrovertible that the statute must prevail and the ordinance is null and void.

This principle is stated in 2 Dillon on Municipal Corporations (5th ed.), § 632, as follows:

". . . A general grant of power, such as mere authority to make by-laws, or authority to make by-laws [ordinances] for the good government of the place, and the like, should not be held to confer authority upon the corporation to make an ordinance punishing an act—for example, an assault and battery—which is made punishable as a criminal offence by the laws of the state. The intention of the state that the general laws shall not extend to the inhabitants of municipal corporations, or that these corporations shall have the power, by ordinance, to supersede the state law, will not be inferred from grants of power general in their character. . . ."

For a further reason, if one need be assigned, article I, section 10, of the Constitution of Pennsylvania provides that ". . . no person shall, for the same offence, be twice put in jeopardy of life or limb; . . ."

It may be conceded that arrest for a violation such as is here prescribed by the ordinance is not placing the culprit in jeopardy; but the result is very like unto it, if he is made liable to prosecution before two tribunals for the same offense and must twice respond for a fine which takes his property or in default subjects him to imprisonment. As well might a city pass an ordinance fixing a penalty for one guilty of larceny or arson within its limits.

Therefore, you are advised that, the legislature having made the ownership or possession of the designated firearms a crime, attaching thereto a penalty for its violation, the city has no power to divert the fine into a different channel, nor under the guise of an ordinance to subject one to prosecution and fine for the same offense.

From C. P. Addams, Harrisburg, Pa.