From Edwin L. Kohler, Allentown, Pa.

## Perna et al. v. Allentown Italian Society

*Robert E. Haas*, for plaintiffs; *Alfred K. Hettinger*, for defendant.

RENO, P. J., May 22, 1933.—This appeal from the judgment of the prothonotary in taxing costs presents two questions. The first relates to the fees of a translator. At the hearing, the chancellor suggested that both sides should employ experts to translate the minutes which were in question and endeavor to have them agree upon a correct translation. The suggestion was followed, and the fee in question here is that of the party who secured the final decree.

At common law, no costs could be recovered. They are created by statute, and a party seeking them must point to the "clear language" of a statute allowing them: Julius King Optical Company v. Royal Insurance Company, 24 Pa. Superior Ct. 527, 533; Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549, 552; Incorporation of the Borough of Wayne, 12 Pa. Superior Ct. 372, 375; Cooper's Estate, 97 Pa. Superior Ct. 277, 279; Kline v. Shannon, 7 S. & R. 377. And it has been clearly decided that the losing party may not be compelled to pay as costs the compensation of a surveyor, even though he was appointed by the court: Caldwell v. Miller et al., 46 Pa. 233. A fortiori, when both sides employ translators upon the mere suggestion of the court. The claim for translator's fees must be disallowed.

The second item relates to the fees of certain witnesses who, it is alleged, were in attendance in court but were not subpœnaed nor called to testify. A learned author has summarized the decisions upon this point thus: "Witnesses subpœnaed though not examined, and [witnesses] examined though not subpœnaed, are entitled to payment": Wadlinger, Law of Costs in Pennsylvania, 326, § 152. This rule is sustained by numerous authorities cited by Wadlinger. Doubtless the rule should be read in the light of the qualification suggested by Judge Allison in Lagrosse v. Curran, 10 Phila. 140, that witnesses named in the subpœna, although not actually served therewith because service was waived, are to be counted as subpœnaed witnesses. But here the witnesses for whose fees claim is made were neither subpœnaed nor examined and, so far as we know, were not

441

named in a subpœna. There is no charge for a subpœna in the bill of costs, and it seems fair to conclude that none was prepared.

Now, May 22, 1933, the exceptions to the prothonotary's taxation of costs are overruled and the judgment of the prothonotary is affirmed.

From Edwin L. Kohler, Allentown, Pa.