## Miller et al. v. Commonwealth

*Vincent R. Smith*, for plaintiffs.
*A. Frank Steiner*, for Commonwealth.

McWHERTER, J., January 11, 1944.—This matter comes before the court on defendant's exceptions to the allowance of the sum of $150 as part of plaintiff's bill of costs to one T. J. McGovern, an engineer and wit-

ness for plaintiffs. The case grows out of an eminent domain proceeding against the Commonwealth of Pennsylvania on an appeal from an award of the board of viewers. The trial resulted in a verdict of $7,500 for plaintiffs. The Commonwealth is satisfied to pay the amount of the verdict but questions the authority of the court to allow the item of $150 above mentioned, which is the only question before the court. Plaintiff relies on section 1 of the Act of June 21, 1939, P. L. 651, 36 PS §2442, which reads as follows:

"In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the Court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right and just."

This act has been construed by the Supreme Court in the case of Tunison v. Commonwealth, 347 Pa. 76. There it was held that section 1 of the Act of 1939 applied to the Commonwealth in an eminent domain proceeding and that the Commonwealth must pay the costs, even though, as a result of an appeal from the board of viewers by the Commonwealth, there was a reduction from the amount of the viewers' award. The question before us was not there presented or decided.

We believe defendant's exceptions must be sustained. The expense of employing an engineer so far as costs are concerned falls in the same category as the expense of employing an expert witness such as a doctor or technician. Generally, the expenses of a litigant in preparing for trial, such as counsel fees, surveyor's fees, the fees of expert witnesses, etc., are not considered "costs" in its ordinary and accepted sense. At

least we know of no decision to that effect except the decision of Judge Kennedy of Allegheny County in the unreported case of Dempster et al. v. Susquehanna Pipe Line Co., no. 1325, April term, 1941, on March 17, 1943. That case was exactly the same as the case here presented. We do not feel that the Act of 1939 was intended to include an item such as the fees of an engineer used by either side in preparing for the trial of an eminent domain proceeding. If the legislature had so intended it would have been quite simple to express such intent in plain words. Before the Act of 1939 such expenses were not allowable as costs.

In the case of Caldwell v. Miller et al., 46 Pa. 233, it was held that the compensation of surveyors was not allowable as costs. Judge Thompson, in his opinion, at page 235, commented as follows:

"I have not been able to find any case in the common law courts where compensation to artists or surveyors has been allowed to be taxed. Our fee bills of 1814-1821 were passed 'to cut up by the roots the power which had been exercised by the courts, of allowing fees called compensatory for services not specified in them:' 7 S. & R. 378; 1 Id. 506.

"There is no fixed fee for the service of an artist appointed by the court, and it could not be taxed as costs by the prothonotary. It is said in 2 Sellon's Practice 492 that costs receivable under the statute of Gloucester, 6 Ed. 1, cap. 1, are such as shall be allowed by the master or prothonotary upon taxation, and not those expenses which the plaintiff (or party) may have incurred for himself.

"In Murphy v. Lloyd, 3 Wh. 356, it was held that the expenses for exemplifications of deeds and power of attorney, could not be taxed against the losing party. So in McWilliams v. Hopkins, 1 Wh. 276, the taxation of the costs of a bill to perpetuate testimony against the losing party was stricken out.

"In Low v. Vrooman, 15 Johns. Rep. 238, the question now before us was determined in the Supreme Court of New York. The court say, 'had this,' the services of surveyors appointed by the court, 'been a charge which might have been taxed against the losing party, and had been stricken out of the bill of costs improperly, the remedy might have been by appeal from the taxation, but not being such a charge there is no remedy except by action.'

"No doubt a court can compel compensation to artists by making an order on the party, or parties, when both apply, to compensate him, being their officer *pro hac vice*, but I see no authority they have to enforce payment by the losing party any more than for the expenses of counsel. The taxation of Snively's bill for services was erroneous, and the order of the court, including it in the defendants' bill, is reversed."

In the case of Whitney et al. v. Jersey Shore Borough, 266 Pa. 537, it was held that in an equity proceeding there was no law in Pennsylvania to warrant taxing of attorney's fees as costs. The following is from the opinion of Mr. Justice Moschzisker (p. 547) :

"The third assignment of error complains because the court below, by approving defendant's bill of costs, in effect awarded its counsel a fee of $100; and, as to this, plaintiffs very properly state that, albeit 'the amount is moderate,' its allowance was 'beyond the power of the court.' Winton's App., 87 Pa. 77, 84-5, asserts that while, in certain rare cases (for example, where professional services have been rendered to protect or enhance a common fund or for the actual financial benefit of all the parties to a conflict), equity permits the award of compensation to attorneys, yet in ordinary adversary proceedings (such as those at bar) 'there is no law in Pennsylvania to warrant the payment, as costs in the cause, of fees to counsel for pro-

fessional services,' adding, 'Without an act of assembly empowering it, the courts cannot create a fee-bill, and it would be usurpation of legislative function to allow, as between party and party, charges to which no statute has given the character of costs.' This authority has been followed in subsequent cases and is the established law of our State."

In the case of Commonwealth v. Baughman, 23 D. & C. 364, former President Judge Charles D. Copeland of this court held that the Act of June 29, 1923, P. L. 973, authorizing counties to pay necessary expenses incurred by district attorneys in the investigation of crime and the apprehension and prosecution of persons charged therewith upon approval of such bills by the district attorney, does not include the expense of maintaining and guarding certain prisoners in a hospital pending trial.

Judge McConnell of this court in Maxwell v. Ludwick Borough, 7 Dist. R. 523, and Judge McWherter in Glessner et al. v. Pennsylvania Turnpike Commission, 44 D. & C. 604, held that the Statute of Gloucester was a part of the common law of Pennsylvania and that costs could be collected against the Commonwealth. This statute is also referred to in Caldwell v. Miller et al., 46 Pa. 233, supra. Since the Act of June 21, 1939, P. L. 651, as construed by the Supreme Court in Tunison v. Commonwealth, 347 Pa. 76, supra, the authority to assess the costs against the Commonwealth, at least in eminent domain proceedings, need no longer depend on the Statute of Gloucester. But the Act of 1939 did not sufficiently enlarge the field of costs to take in this class of expenses of a litigant. Certain expenses incurred in litigation for the benefit of both parties may under certain circumstances be included in a bill of costs against the losing party but this item of an engineer's fees does not fall within that qualification.

*Decree*

Now, January 11, 1944, after argument and after careful consideration, it is ordered, adjudged, and decreed that defendant's exceptions to the decree of the trial judge dated September 30, 1943, be and the same are hereby sustained, and the item of $150 allowed T. J. McGovern, engineer, is disallowed and stricken from the bill of costs, with leave to plaintiffs to amend their bill of costs within 10 days from the date hereof by adding thereto a witness fee and mileage at the standard legal rate for the said T. J. McGovern.