## Newport & Shermans Valley R. R. Co., Appellant, *v.* The Public Service Commission.

*Public Service Commission—Public Service Company Law—Reparation—Appeals.*

No appeal lies from an order of reparation made by the Public Service Commission. Under the provisions of section 5, article V, of the Public Service Company Law, on failure to comply with an order for reparation, the person named therein, to whom such payment is directed to be made, may sue therefor in any court of common pleas in this Commonwealth, and the order made by the Commission shall be prima facie evidence of the facts therein stated, and that the amount awarded is justly due the plaintiff in such suit.

Since the statute prohibits an appeal from an order for reparation and provides for its enforcement by suit in the common pleas an appeal to the Superior Court will be quashed.

Argued March 12, 1920. Appeal, No. 9, March T., 1920, by the Newport & Shermans Valley Railroad Company from decree and order of the Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket No. 2757, in the case of the Newport & Shermans Valley Railroad Company v. The Public Service Commission of the Commonwealth of Pennsylvania, on appeal, and The Oak Extract Company, Intervener. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Appeal from order of the Public Service Commission making reparation for alleged unlawful freight rates collected.

The commission filed the following report and order:

The rates to be charged and collected for the transportation of oak extract wood by the respondent company have been subject to considerable contention before this commission, and the present petition is for reparation in the amount of $295.44, for alleged excess payments made

by the complainant between June 25, 1918, and February 12, 1919.

After hearing upon a complaint, this commission fixed the rates to be charged for this transportation, and they were made effective by tariff supplement on March 18, 1918. These rates were collected by the respondent until June 25, 1918, when they were increased under the order of the director general of railroads, the respondent at that time being under federal control. About July 1, 1918, the respondent was released from federal control, but continued to collect the increased rates which had been established at the direction of the railroad administration, and complaint was made to this commission against this practice. The commission by its order of February 10, 1918, directed the respondent to cease and desist from charging and collecting any rates in excess of those which had been established by the commission, and the present petition is presented to secure an adjustment of their accounts between the parties. In its order of February 10, 1919, directing the respondent to collect only the rates determined by the commission, we said that the power of the Interstate Commerce Commission over intrastate rates established under federal control "ended when the road was released from that control," and held that "if the respondent desires and is entitled to change the rates established by this commission, it must proceed in the manner prescribed by the Public Service Company Law."

Between June 25, 1918, and February 12, 1919, which includes a period of about ten days when the respondent was under federal control, the respondent has collected from the complainant for the transportation of oak extract wood $1,795.44 in excess of the amount which should have been collected for that transportation under the rates established by this commission, and it has repaid to the complainant $1,500 on account of this excess, having promised and agreed to pay the entire sum.

[We are of the opinion and find and determine that the respondent should repay to the complainant all sums collected by it for this transportation in excess of the amount due under the rates established by the commission, except for the transportation which took place while the respondent was under federal control. From the record we are unable to determine this amount and if the complainant and respondent cannot agree upon it within ten days further hearings will be held for the introduction of testimony which will enable the commission to make a proper order of reparation.]

### ORDER.

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaint and answer on file and the commission having found and determined by its order dated November 18, 1919, that the respondent, the Newport and Shermans Valley Railroad Company, should pay to the complainant, the Oak Extract Company, all sums collected by it for the transportation of extract wood in excess of the amounts due under the rates established by the commission except for the transportation which took place while said respondent was under federal control, and the parties having by agreement dated December 2, 1919, and filed of record with the commission determined upon a true balance of the claim, in the sum of two hundred and thirty-seven dollars and forty-two cents, which said agreement is hereby approved:

[Now, to wit, December 9, 1919, the Newport & Shermans Valley Railroad Company is ordered and directed, within fifteen days from the date of the service of this order, to pay to the Oak Extract Company the sum of two hundred and thirty-seven dollars and forty-two cents, being the amount of damages actually sustained by said last mentioned company, in consequence of the unjust and unreasonable collections above referred to.]

*Error assigned* was the order of the commission.

*William H. Sponsler,* for appellant.

*Luke Baker,* for intervener.

OPINION BY LINN, J., July 14, 1920:

The railroad company appeals from orders of reparation dated November 18, 1919, and December 9, 1919, made by the commission on petition of the Oak Extract Company; that company has intervened here and has moved to quash under the provision in section 17, article VI of the Public Service Company Law (July 26, 1913, P. L. 1374, as amended June 3, 1915, P. L. 779), that "......there shall be no appeal from any order for reparation made by the commission, but the suit may be brought as hereinbefore provided."

Appellant complains that the basis of reparation was, a rate order of the commission made during federal control when, it is contended, the commission lacked authority to make the order, though the proceedings show that the order resulted from an agreement of the parties as to what the rate should be.

Section 5, article V, of the statute, provides that on failure to comply with an order for reparation "...... the person named therein, to whom such payment is directed to be made, may sue therefor in any court of common pleas of this Commonwealth; and said order made by the commission shall be prima facie evidence of the facts therein stated, and that the amount awarded is justly due the plaintiff in such suit......" See New York and Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64.

As the statute prohibits an appeal from an order for reparation and provides for its enforcement by suit in the common pleas, and as we cannot anticipate questions that may arise in such suit, if brought, we must refrain from discussing the merits now.

The appeal is quashed, costs to be paid by appellant.