Atlantic Refining Company, Appellant, *v.* The Public Service Commission and the Pennsylvania Railroad Co. et al.

Argued October 4, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George R. Wallace,* and with him *John H. Stone, Wm. W. Collin, Jr.,* and *Wallace, Patterson & Collin,* for appellant.

*James E. Gowen,* and with him *Wm. I Woodcock, Jr.,* and *Henry Wolf Bikle,* for the Pennsylvania Railroad Company, intervening appellee.

*Daniel H. Kunkel,* legal assistant; *John Fox Weiss,* counsel; and *E. Everett Mather, Jr.,* assistant counsel, for the Public Service Commission.

PER CURIAM, October 23, 1929:

On October 7, 1925, appellant, The Atlantic Refining Company, filed with the Public Service Commission a complaint alleging that certain intrastate freight rates charged by the Pennsylvania Railroad Company, Baltimore and Ohio Railroad Company and Reading Company, for the transportation of its petroleum products, "were when assessed, are now, and for the future will be unjust and unreasonable;" included in the complaint was a prayer for reparation upon shipments made during the period of two years preceding its filing.

The commission, after an investigation, filed its report finding that the rates complained against will be unreasonable "for the future" to the extent they exceed certain rates specified by the commission as the just and reasonable rates for the service. The commission also found that the rates attacked had been unreasonable "for the transportation of shipments in

the past, including the statutory period [October 7, 1923, to October 7, 1925]," but stated that it refrained at that time "from consideration of the claims for reparation." Upon this report an order was entered, dated April 3, 1928, sustaining the complaint and directing the carriers to establish by May 8, 1928, the prescribed lower rates.

A petition of the railroad companies for a rehearing was denied, but on May 29, 1928, the commission, by an order, modified its former finding that the rates were unreasonable "in the past, including the statutory period," to a finding reading: "For the transportation of shipments in the past subsequent to October 7, 1925, the date of the complaint in Complaint Docket 6662, we find that the rates attacked were unreasonable to the extent that they exceeded the rates herein determined for the future."

The present appeal is by the complaining shipper from this modification of the original finding and the carriers were permitted to intervene therein as appellees. Counsel for appellant thus state their understanding of the record as it stood before the commission at the time of this appeal: "The effect of the modification is to exclude from the commission's findings any determination whether the rates attacked were reasonable or unreasonable for the statutory period (October, 1923-October, 1925)."

We think this is a correct interpretation of the record. Every question involved under this appeal was considered and disposed of by this court in Centre County Lime Co. and Chemical Lime Co. v. Public Service Commission, 96 Pa. Superior Ct. 590; and Central Iron and Steel Co. et al. v. Public Service Commission, 97 Pa. Superior Ct. 1. The order appealed from was in conformity with the Public Service Company Law as we construed it in those cases.

The appeal is dismissed.