Central Pa. L. Co., Appellant, *v.* P. S. C. et al.

Argued March 13, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-HAM, BALDRIGE and GRAFF, JJ.

*Archibald F. Jones,* for appellant, cited: Centre County Lime Co. v. Public Service Commission, 96 Pa. Superior Ct. 590; New York and Pennsylvania Co. v. New York Central R. R., 267 Pa. 64; Alan Wood Iron & Steel Co. et al. v. Public Service Commission, 97 Pa. Superior Ct. 1; Atlantic Refining Co. v. Public Service Commission, 97 Pa. Superior Ct. 106; New York & Penna. Co. v. New York Central R. R. Co. et al., 281 Pa. 257; Ben Avon Borough v. Ohio Valley Water Company, 260 Pa. 310.

*Ralph J. Baker,* of *Hause, Evans & Baker,* who filed a brief under Rule 61, cited: Lehigh & New England R. R. Co. v. Public Service Commission, 79 Pa. Superior Ct. 540; New York & Pennsylvania Co. v. New York Central R. R. Co., 281 Pa. 257.

*John Fox Weiss,* Counsel, *Daniel H. Kunkel,* Legal Assistant, and *E. Everett Mather, Jr.,* Assistant Counsel, for the Public Service Commission, cited: Baer Bros. v. D. & R. G. R. R. Co., 233 U. S. 479; Boyle v. Phila. & R. R. Co., 54 Pa. 310; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24.

PER CURIAM, April 18, 1930:

May the Public Service Commission find that existing rates are unreasonable for the future and at the same time include a finding that past rates were ''not unjust and unreasonable and that no question of reparation can arise?''

In Centre County Lime Co. v. Public Service Commission, 96 Pa. Superior Ct. 590, our Brother CUNNINGHAM, after quoting pertinent sections of the Public Service Commission law of July 26, 1913, P. L. 1374, in regard to rates and reparations, states, ''The proceedings under these several sections are necessarily separate and distinct; in a complaint against rates the commission is required to determine whether the rates in force at the time of its investigation 'are unjust or unreasonable' and will be for the future. That was the only question properly before the commission under the complaints against the rates. The object of a rate proceeding is to prevent a public wrong for the future; reparation redresses a private wrong of the past. The findings on the issues actually involved in the rate case furnished no basis either for awarding or refusing reparation; there has, as yet, been no specific finding that the rates were unreasonable in the past. By the express provisions of the

statute nothing can be done toward the redressing of the wrongs suffered through the exaction of unreasonable rates until the commission, after hearing, 'shall determine that any rates which have been collected ...... were ...... unreasonable,' et cetera. A question of reparation cannot properly be determined by the commission until it has been presented to it in the manner prescribed by the act, nor should it be prejudiced, or the door closed against it, by a declaration in advance of a hearing. The distinctions to which we have referred were clearly pointed out by the Supreme Court in the case of New York & Pennsylvania Co. v. New York Central R. R., 267 Pa. 64, cited by the commission in its report of January 3, 1928.''

Atlantic Refining Co. v. P. S. C. & Penna R. R. Co., 97 Pa. Superior Ct. 106, is to the same effect.

The appellant is not barred from proceeding for reparation. The declaration that ''no question of reparations can arise'' is of no effect.

The appeal is dismissed.