## Gerber v. Fletcher.

*Harry D. Levinson*, for plaintiff; *Joseph J. Fischer*, for defendant.

ALESSANDRONI, J., May 28, 1931.—The petition sets forth that on June 14, 1924, the plaintiff was injured in an accident resulting from a collision between a milk wagon which the plaintiff was driving and an automobile owned and driven by Joseph J. Fletcher of No. 1414 Somerville Avenue, Philadelphia. On December 30, 1924, suit was brought by the plaintiff against Joseph J. Fletcher, but the summons erroneously named Joseph J. Fletcher as Charles Fletcher. The summons was actually served on Joseph J. Fletcher at No. 1414 Somerville Avenue, Philadelphia, on December 31, 1924, although the defendant's name was erroneously stated as Charles Fletcher. Joseph J. Fletcher then handed the summons to his insurance carrier, who in turn had Joseph J. Fischer enter his appearance for Joseph J. Fletcher, erroneously named Charles Fletcher. The statement of claim was served on the defendant on January 9, 1924. No affidavit of defense was filed and on March 14, 1927, the case was tried. Samuel Gottesfeld, Esq., of the office of Joseph J. Fischer, Esq., represented the defendant. A verdict was brought in by the jury for the plaintiff in the sum of $1500 on March 14, 1927. On or about November 25, 1930, the plaintiff ascertained that Joseph J. Fletcher had been erroneously named as Charles Fletcher in the suit brought as aforesaid.

The answer filed admits that Joseph J. Fletcher, while driving his automobile, collided with a milk wagon on June 14, 1924, but denies knowledge as to the driver's name and that the driver was injured. Defendant admits service of the summons on him, but states that the insurance carrier assured him his interests would be fully protected and he need manifest no anxiety as the summons was a nullity. Defendant denies knowledge of service of the statement of claim and avers that he took no action, as he relied upon the assurance given him by the attorney for the insurance carrier. The answer further avers that Joseph J. Fletcher has resided at No. 1414 Somerville Avenue for ten years and the plaintiff could have ascertained that fact if he had so desired. It is further stated that the plaintiff suffered no injury as a result of the collision, and it is suggested that if the court amend the record a new trial should be granted.

The right to amend pleadings even after final judgment in the court below and on appeal to the Supreme Court is clear. As stated in N. Y. & Pa. Co. *v*. N. Y. C. R. R. Co., 267 Pa. 64, 76: "An amendment may be allowed at any time, even after final judgment below and an appeal to this court, especially where, as here, no question of the statute of limitations is involved." If the amendment is asked for after the verdict, it is discretionary with the court. See Amram on the Pennsylvania Practice Act of 1915, page 207.

Under the facts of this case, the defendant is not prejudiced by the amendment, for he was the party involved in the accident. Although his Christian name was misstated, he chose to avail himself of the benefit of the advice of counsel representing his insurance carrier, and of a trial in which the insurance carrier also represented him. The mere fact that Joseph J. Fletcher elected to rely on the representations of his insurance carrier does not constitute a defense as between himself and the plaintiff. He was the party involved in the suit, service was made upon him, and the only matter involving prejudice lies solely between himself and his insurance carrier. The right of the plaintiff to the amendment under these facts is clear.

The defendant contends that injustice would be done him and pleads laches. A plea of laches is only considered when the party relying upon it can prove that he has been prejudiced thereby. Joseph J. Fletcher has not been prejudiced in any respect by the delay of approximately three years and a half and is not in any position, therefore, to complain. The defendant's complaint, if any, is against his insurance carrier rather than against the plaintiff.

And now, to wit, May 28, 1931, the rule to amend the name of the defendant in the pleadings and verdict rendered, by changing it from Charles Fletcher to Joseph J. Fletcher, is made absolute.