## Vuletich et ux. v. Highspire Flour Mills, Inc.

*Wickersham & Wickersham*, for plaintiffs.
*Metzger & Wickersham*, for defendant.

HARGEST, P. J., June 13, 1935.—The plaintiffs' statement in this case, filed in an action of trespass on July 19, 1928, claimed damages for injury to their land. The case went to trial in 1930 and, after considerable testimony was taken, the plaintiffs moved for the withdrawal of a juror and the continuance of the case for the purpose of amending. Nothing more was heard of the case except that on October 10, 1934, the then counsel for the plaintiffs were, upon their petition, permitted to withdraw. On February 18, 1935, the plaintiffs presented a petition for leave to amend the praecipe to read "in assumpsit" instead of "in trespass," and to amend the statement.

The plaintiff's statement averred that Booser's Run in the Borough of Highspire flowed along the plaintiffs' property about 150 feet, then turned sharply and flowed through the defendant's property; that about May 25, 1925, the defendant desired to change the course so that it would not flow across its land and that, in order to effect such change, a retaining wall had to be placed along the entire distance of the plaintiffs' property; that the defendant orally agreed with the plaintiffs to erect a suitable wall, provided the plaintiffs would permit the wall to be built upon their land, and, in consideration of the erection of a wall along the entire length, the plaintiffs did so agree; that about October 1925, the defendant erected 55.9 feet of wall and failed to finish it, but removed the stones and rock from the bed of the run; that by reason of the failure to finish the wall, land of the plaintiffs is being washed away at a very rapid rate, and the defendant has refused to complete the construction notwithstanding repeated demands; "that by reason thereof the plaintiffs' land and premises have been damaged to the extent of $10,000."

The amendment proposed is as follows:

"13½. That said plaintiffs had upon their said land, adjacent to said Booser's Run, a certain one story dwelling house, and by reason of the failure of the defendant

to comply with its agreement to erect said wall along the entire southern boundary line of the plaintiffs' property, the foundation under said one story dwelling house was destroyed as the result of the change in the course of said Booser's Run from the washing away of plaintiff's land thereunder, resulting in the destruction of said one story dwelling house of great value, to wit, of the value of One Thousand Dollars ($1,000.00) and loss of rents therefrom amounting to Three Hundred and Twenty-four Dollars ($324.00)."

An answer was filed to the petition to amend, averring that the plaintiffs are guilty of laches; that during the delay the defendant's surveyor and at least two other material witnesses have died; that the statute of limitations has run and is a bar to an amendment, because to allow the amendment would be to deprive the defendant of valuable rights. And further, that the amendment changes the cause of action.

There can be no question of the right to amend the form of the action. Section 1 of the Act of May 10, 1871, P. L. 265, 12 PS §535, provides that in all actions the court shall have power "in any stage of the proceedings, to permit an amendment or change in the form of action, if the same shall be necessary for a proper decision of the cause upon its merits; the party applying to pay all costs up to the time of amendment, and the cause to be continued to the next court if desired by the adverse party." See also New York & Pennsylvania Co. v. New York Central R. R., 267 Pa. 64, 77.

It is thoroughly settled that "after the statute of limitations has run, plaintiff shall not be permitted to shift his ground of complaint by introducing a new cause of action". Andrews v. Marsden et al., 278 Pa. 56, 58.

If the plaintiff, by amendment, is attempting to change his cause of action, such attempt will not be allowed, to the prejudice of the defendant, after the statute of limitations has run: Grier Bros. v. Northern Assurance Co., 183 Pa. 334; Noonan v. Pardee, 200 Pa. 474; Hogarty

v. Philadelphia & Reading Ry. Co., 255 Pa. 236; Card v. The Stowers Pork Packing & Provision Co., 253 Pa. 575; Osterling v. Allegheny County, 272 Pa. 458; New York & Pennsylvania Co. v. New York Central R. R., 267 Pa. 64, 76.

In Smith v. Bellows, 77 Pa. 441, a suit was brought in assumpsit and trial had. A non-suit was entered, which was subsequently taken off and plaintiff allowed to amend his declaration to declare in tort for deceit. The defendant pleaded the statute of limitations, and it was held (syllabus) :

"The cause of action accrued more than six years before the amendment, but not before the bringing of the suit. *Held*, the cause of action being the same, the Statute of Limitations was not a bar.

"If the cause of action had not been the same, the Statute of Limitations would have applied."

The inquiry in the present case is whether this amendment introduces any new cause of action to the prejudice of the defendant after the statute of limitations has run. The original statement avers a violation of a contract by which "the plaintiffs' land and premises have been damaged to the extent of $10,000." The amendment specifically pleads damage to the dwelling house of $1,000 and loss of rents of $324. Can it be said that this specific averment, as to the kind of damage inflicted, is not within the general averment of damage to "the plaintiffs' land and premises"? Wherein is the cause of action changed? In the original statement the plaintiffs were proceeding in tort; they now wish to proceed in assumpsit. The cause of action is the same, which was the failure of the defendant to carry out the contract. The defendant is not prejudiced by the introduction of any new claim against it. It may be that some of its witnesses are not now available, but the defendant, by proper proceedings, could have had this case brought to a termination if it had chosen to move to that end.

In the case of Card v. The Stowers Pork Packing & Provision Co., supra, there was an action at common law to recover damages sustained by a workman. After the statute of limitations had run, the plaintiff desired to amend his statement so as to bring the action under the Factory Act of May 2, 1905, P. L. 352, which would have changed the liability of the defendant in taking away from it the defense that the plaintiff had voluntarily assumed the risk of performing his work in the manner in which he endeavored to do it.

In Hogarty v. Philadelphia & Reading Ry. Co., supra, the plaintiff brought his action at common law against the defendant, and subsequently desired to amend so as to bring the case within the Federal Employers Liability Act of 1908, which changed the defenses available to the defendant. It is readily apparent in these two last cases that an amendment would have prejudiced the defendant.

In Andrews v. Marsden et al., supra, the plaintiff brought an action of trespass de bonis asportatis, and after the statute of limitations had run desired to amend so as to charge an illegal distress. In that case the plaintiff shifted his ground of complaint, and it was held that the amendment was not proper. In the present case the ground of complaint has not shifted, but the plaintiffs simply desire to waive the tort and rely on the breach of the contract.

In Osterling v. Allegheny County, supra, the architect brought an action upon a specific agreement, and after the statute of limitations had run desired to amend his statement by adding a claim on a quantum meruit. Necessarily, a specific agreement required one kind of evidence and the quantum meruit an entirely different kind of evidence.

In Mitchell Coal & Coke Co. v. Pennsylvania R. R. Co., 241 Pa. 536, in an action of trespass for unlawful discrimination, an amendment alleging different acts of discrimination was held to introduce a new cause of action and therefore refused after the statute of limitations.

In Mumma v. Mumma, 246 Pa. 407, there was a suit in assumpsit for money loaned, and after the statute of limitations expired the plaintiff sought to amend so as to allege that the defendant agreed with the plaintiff to make good any stocks that were bought with the money, which necessarily introduced a new agreement and therefore a new cause of action.

In Bank of Mifflintown v. Bank of New Kensington, 247 Pa. 40, the suit was on a contract to purchase bills of lading, and it was sought, after the statute of limitations had run, to amend so as to base the suit on a contract to purchase "sight drafts with bills of lading attached thereto."

In Mays v. United Natural Gas Co., 268 Pa. 325, the plaintiff originally sought to claim injuries because of negligence in furnishing a chain of insufficient strength, and after the statute of limitations had run, proposed an amendment to show that the chain was negligently fastened, which was a new cause of action.

In New York & Pennsylvania Co. v. New York Central R. R., 267 Pa. 64, 76, it is said that "an amendment may be allowed at any time, even after final judgment below and an appeal to this court, especially where, as here, no question of the statute of limitations is involved".

The reference to these authorities all show that there must be some specific change of the cause of action or some amendment which would prejudice the defendant or change the defense. We can see no such situation in the instant case. The cause of action both under the original statement and under the amendment was the breach of the contract. The damage to the plaintiffs' "land and premises," averred in general terms in the original statement, has simply been made more specific in the amendment.

Of course the amendment must speak as of the date of the original statement, and the damages claimed must be limited to those inflicted up to that time. Even though the proposed amendment on its face, if standing alone,

might refer to subsequent damages, proof under it must be limited as we have indicated, and with this understanding and limitation we are of opinion that the amendment does not, as a matter of law, prejudice the defendant; does not introduce any new cause of action and must, therefore, be allowed.

It is not necessary to discuss the other reasons set up in the answer. We are of opinion that none of them is sufficient to deny the amendment.

And now, June 13, 1935, the amendment proposed in the petition of the plaintiffs, filed February 18, 1935, is hereby allowed.

From Homer L. Kreider, Harrisburg.